664 So.2d 832 (1995)
STATE of Louisiana
v.
Samuel SENEGAL.
No. CR95-796.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Michael Harson, Lafayette, for State.
*833 Alfred Frem Boustany, II, Lafayette, for Samuel Senegal.
Before DOUCET, C.J., and COOKS and PETERS, JJ.
PETERS, Judge.
Pursuant to a plea agreement, the defendant, Samuel Senegal, entered a plea of nolo contendere to the charge of possession of cocaine, a violation of La.R.S. 40:967. The trial court, without entering a plea of guilty, deferred further proceedings and placed the defendant on supervised probation for a period of one year. La.R.S. 40:983. One of the conditions of the plea agreement was that the defendant reserved his right to appeal the trial court's ruling on a motion to suppress. The defendant now appeals asserting that the trial court erred in denying his motion to suppress.

DISCUSSION OF RECORD
At midafternoon on June 25, 1994, Louisiana State Trooper Christopher LeDee was operating stationary radar on Louisiana Highway 89 in Lafayette Parish, Louisiana, when he observed the defendant's vehicle. The vehicle's inspection sticker appeared faded, and the rear window of the vehicle was broken out. According to Trooper LeDee, the condition of the inspection sticker caused him to suspect it might be expired, and the broken rear window led him to suspect the vehicle might have been stolen. On the basis of these suspicions, Trooper LeDee stopped the defendant's vehicle. Trooper LeDee testified that as Senegal exited his vehicle his eyes appeared glassy and there was a heavy narcotic-type odor emanating from the vehicle. He also testified that the defendant became very argumentative in response to his questions. Trooper LeDee performed a field sobriety test on Senegal, the results of which caused the officer to further suspect that the defendant was under the influence of narcotics. He asked the defendant for permission to search his car, but the defendant refused. According to Trooper LeDee, all of these circumstances caused him to conclude that it was very likely a search of the defendant's car would reveal the presence of narcotics. He then requested that a canine unit come to the scene. The unit arrived approximately twenty minutes later, and upon walking around the exterior of the car, the dog alerted on the rear of the car. The officers then searched the defendant's car and found a Crown Royal bag containing approximately two thousand dollars in the trunk and marijuana seeds and a single rock of crack cocaine in the interior of the car. The defendant was subsequently arrested for possession of cocaine.

OPINION
The defendant timely filed a motion to suppress the evidence obtained as a result of the search, contending the search violated his constitutional rights. The trial court denied the motion, and Senegal reserved his right to contest the validity of that ruling in the plea arrangement. State v. Crosby, 338 So.2d 584 (La.1976).
The first question to be determined is whether Trooper LeDee had reasonable cause to stop the defendant's vehicle. In this case, Trooper LeDee testified that he stopped the defendant's vehicle because the inspection sticker was faded and the rear window was broken. The defendant had not committed any moving traffic violation to justify being stopped. However, motor vehicles in this state are required to satisfy certain minimum safety requirements before being driven on the highway. La.R.S. 32:1301 provides as follows:
No person shall drive or move on any highway any motor vehicle, trailer, semitrailer or pole trailer, or any combination thereof, unless the equipment upon any such vehicle is in good working order and adjustment as required in this act and said vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway.
To ensure compliance with this statute, each motor vehicle is required to undergo an annual inspection at an approved safety inspection location. La.R.S. 32:1304-1305. Additionally,
D. No person shall drive a vehicle upon highways within this state, or permit or allow any vehicle owned by him or under *834 his control to be driven on said highways, unless and until such vehicle bears an inspection tag showing it to have been inspected and approved as required by the provisions of R.S. 32:1301-32:1310, if such vehicle is required to be so inspected.
La.R.S. 32:53(D).
Violation of this statute carries a criminal penalty. La.R.S. 32:57. There is no evidence that the defendant's vehicle is one which is not required to be inspected, and therefore, it was required to bear an unexpired official certificate of inspection. A law enforcement officer is justified in stopping a person who is violating state law by operating a motor vehicle not equipped with an inspection sticker. State v. St. Martin, 93-1863 (La.App. 1 Cir. 10/7/94); 644 So.2d 773. An officer is also justified in stopping a person who is operating a motor vehicle with an expired inspection sticker.
In this case, Trooper LeDee stopped the defendant's vehicle, not because he observed an expired inspection sticker, but because the sticker appeared faded and because the rear window had been knocked out. La.R.S. 32:1302(A) provides in part as follows:
[M]embers of the State Police ... may at any time upon reasonable cause to believe that a vehicle is unsafe or not equipped as required by law, or that its equipment is not in proper adjustment or repair, require the driver of such vehicle to stop and submit such vehicle to an inspection and such test with reference thereto as may be appropriate.
See also State v. Braud, 357 So.2d 545 (La. 1978), wherein the supreme court found that observance of an old and tattered brake tag was a legitimate basis for stopping a defendant's vehicle.
We find that Trooper LeDee had reasonable cause to stop Mr. Senegal's vehicle. The next question to be answered is whether Trooper LeDee had sufficient probable cause to detain the vehicle and subsequently search it.
Unreasonable searches and seizures are prohibited by both the United States and Louisiana Constitutions. U.S. Const. amend. IV; La. Const. art. I, § 5. A warrantless search and seizure is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29 (La.1985). One such exception, the "automobile exception," has developed because of the time problems associated with obtaining a search warrant and the mobility of automobiles. This exception to the warrant requirement is based on probable cause and exigent circumstances which render it impractical to secure a search warrant and has been recognized by the United States Supreme Court in U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In Ross, the Supreme Court held that when police officers have probable cause to believe that contraband is hidden somewhere within the vehicle, they may conduct a warrantless search of the vehicle that is as thorough as if they had the approval of a magistrate to search the vehicle. In determining whether a warrantless search is unreasonable, the Supreme Court has undertaken an objective assessment of an officer's action in light of the facts and circumstances known to him at the time. State v. Garcia, 519 So.2d 788 (La.App. 1 Cir.1987), writ denied sub nom; State v. Rodriguez, 530 So.2d 85 (La.1988).
In connection with a motion to suppress, the state bears the burden of proving the admissibility of evidence seized without a warrant. La.Code Crim.P. art. 703(D). La. Code Crim.P. art. 215.1(A) allows law enforcement officers to conduct an investigatory stop without a warrant or probable cause. The officer need only have a reasonable suspicion that the person has been, is, or is about to be engaged in criminal conduct. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigatory stop is a form of "seizure," and although it is no lesser of a restriction on a person's freedom of movement than an arrest, it is considered a lesser intrusion because it is briefer than an arrest. State v. Cabanas, 594 So.2d 404 (La.App. 1 Cir.1991), writ denied, 598 So.2d 371 (La.1992) [quoting State v. Vincelli, 555 So.2d 21, 24 (La.App. 1 Cir.1989)]. The *835 determination as to whether reasonable cause exists to temporarily detain a person requires looking at the totality of the circumstances. Belton, 441 So.2d 1195. As Mr. Senegal exited the vehicle, Trooper LeDee noted that his eyes were glassy and that there was a heavy narcotic-type odor coming from the car. Trooper LeDee performed a field sobriety test the results of which were consistent with the use of narcotics and/or alcohol. He testified that Mr. Senegal was not cooperative with any of his requests as to the identity of the car's owner or as to permission to examine the date on the inspection sticker. Upon making the foregoing observations, it was then reasonable for Trooper LeDee to suspect that the defendant was engaged in criminal activity.
After Mr. Senegal refused consent to search his vehicle, Trooper LeDee called for a canine drug detection unit to come to the scene. The dog arrived in approximately twenty minutes, and upon walking around the exterior of the car, the dog alerted on the rear of the car. The action of the drug dog sniffing the car was not the equivalent of a "search" of the car within the meaning of the Fourth Amendment. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). However, the positive alert to the presence of narcotics provided probable cause to search the car. State v. Meyers, 520 So.2d 842 (La.App. 3 Cir.1987). Exigent circumstances existed to conduct a warrantless search of the vehicle because it was a movable, the occupant had been alerted to the surveillance, and the vehicle could have been moved and evidence destroyed during the time spent seeking a warrant.
Viewing the circumstances objectively, LeDee's actions were justified. The faded inspection sticker and broken rear window were sufficient to allow Trooper LeDee to legitimately stop the vehicle. The defendant's appearance, the odor emanating from the car, and the dog's alert on the car provided probable cause to justify a search of the car under the automobile exception.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Because the stop was legitimate and the warrantless search was lawful under the automobile exception, the trial court was correct in denying the defendant's motion to suppress.
AFFIRMED.