h GREMILLION, Judge.
The defendant, Randolph Paul Roberts, was found guilty of distribution of cocaine and sentenced to sixteen years at hard labor. This is Defendant’s second appeal in this matter. Initially, he appealed his conviction and sentence. We affirmed his conviction but remanded the case to the trial court for resentencing, ordering that proper consideration be given to the sentencing guidelines contained in La.Code Crim.P. art. 894.1(B). State v. Roberts, 96-603 (La.App. 3 Cir. 11/6/96), 683 So.2d 1335. We noted our concern with the lengthy sentence, but stated “[w]e have no adequate statutory basis that would aid this court in our determination of whether the sentence imposed is excessive.” Id. at 1342.
On remand, the trial court resentenced Defendant to a term of twenty years, ten of which were suspended. An oral motion for reconsideration of the new sentence was made and denied. Defendant now appeals his sentence alleging one ^assignment of error. We recognize an error patent and vacate defendant’s sentence and remand for *370 further proceedings consistent with this opinion.
FACTS
We reiterate the facts from our original opinion, Roberts, 683 So.2d at 1337:
On June 10,1992, the New Iberia Police Department was involved in an undercover narcotics operation. The target group for this particular operation was street level dealers within New Iberia. In the instant case, Detective Arthur Welch, an undercover narcotics agent with the St. Mary Parish Sheriffs Office, and a confidential informant were working together in a vehicle when they spotted Defendant driving his truck. They flagged the Defendant down. He stopped his truck and walked over to the undercover vehicle where he distributed one rock of crack cocaine to Officer Welch. Officer Welch was wired with a wireless body wire and there was a resultant audio tape of the entire transaction. Also, two other police officers drove by the distribution scene and videotaped the Defendant and his vehicle. The Defendant was arrested at a later date.
ASSIGNMENT OF ERROR
Defendant argues his sentence is excessive contending the trial court failed to take into consideration various mitigating circumstances. Specifically, Defendant contends the trial court failed to consider the following: 1) that he was charged with the sale of one rock of crack cocaine; 2) that he was a first felony offender; and 3) that the only economic benefit found by the trial court was that he received income in the form of addiction to his habit. Defendant also contends that a factor in his sentencing was a result of the trial court finding that he was a drug addict and not a productive member of society.
La.R.S. 40:967 provides that a person convicted of distribution of cocaine will be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more Rthan fifty thousand dollars. Defendant was resen-tenced to twenty years at hard labor, with ten years suspended.
In resentencing Defendant, the trial court mentioned that' he revisited the record and found that Defendant had been part of an ongoing criminal activity, which indicated that he had no desire to become a productive member of society. The trial court obviously believed that in sentencing Defendant to such a term of imprisonment, and recommending that he be sent to Blue Waters for drug treatment while incarcerated, Defendant would be able to effectively prepare to become a productive member of society. The trial court noted that Defendant committed a series of crimes to sustain his drug addiction even after he was arrested. The trial court found that although Defendant did not commit a major economic offense, the offense committed was reprehensible in that Defendant obtained a substantial benefit in the form of furthering his own drug addiction. The trial court also considered that Defendant’s activities posed a danger to the public and stated that drug dealers create a “clear and present danger to the youth of our society and to those people who are doing drugs and have a similar addiction.” He adequately noted that a lesser sentence would deprecate the seriousness of Defendant’s crime and that imprisonment would not entail excessive hardship on Defendant.
In regards to Defendant’s contention that the sale of one rock of crack cocaine should have been looked upon as a mitigating circumstance, the trial court adequately disposed of the issue by finding that such sales have a devastating and everlasting impact on society by destroying youths, communities, and ultimately society. Further, at the initial sentencing hearing, there was evidence from law | ^enforcement officers that Defendant associated with known drug dealers and users and was a member of that society. There was evidence of Defendant being involved in other crimes and, just two weeks before he was originally sentenced, he attempted to impede police officers acting in the course and scope of their duty by trying to incite a crowd to prevent the officers from making an arrest. Apart from noting the aggravating circumstances surrounding De *371 fendant’s drug habit and past drug activity, the trial court obviously believed that Defendant posed an undue risk to society and was in need of correctional treatment.
Additionally, the statutory sentencing range for the offense committed by Defendant is five to thirty years, plus a fine. As discussed above, Defendant received a sentence of twenty years, with ten years suspended. Defendant’s sentence is within the statutory range for the offense committed, and while technically Defendant received a twenty year sentence, he will only have to serve ten years of that sentence. We recognize and approve of the idea of suspending a lengthy prison sentence to give criminal defendants incentive to remain crime free and successfully complete the conditions of probation during their probationary period.
We further note that a sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 5(La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982). We find that the trial court articulated a factual basis for the sentence imposed, and that it did not manifestly abuse its discretion in that the sentence imposed does not shock our sense of justice and makes a measurable contribution to acceptable penal goals. Accordingly, this assignment of error is without merit.
ERROR PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review reveals one error patent. Defendant was originally sentenced to sixteen years and on resentencing was sentenced to twenty years, albeit, ten were suspended. Failure of Defendant to follow the conditions of probation could result in Defendant serving the full twenty years. As such, the trial court has imposed a more severe sentence. In order for the trial court to impose a more severe sentence upon a defendant, due process requires that the trial court state in the record reasons for doing so and the reasons must be based on objective information concerning conduct of a defendant occurring after the original sentencing. See State v. Dondis, 488 So.2d 454 (La.App. 3 Cir.1986), citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Therefore, we remand this matter to the trial court with instructions that if there is no objective information concerning Defendant’s conduct which would merit an additional sentence, then Defendant’s sentence must be reduced to a maximum of sixteen years with six years suspended.
^CONCLUSION
For the foregoing reasons, we conclude that Defendant’s sentence of 20 years with ten years suspended is not excessive. However, we vacate the sentence and remand to the trial court for resentencing consistent with this opinion and the guidelines set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and State v. Dondis, 488 So.2d 454 (La.App. 3 Cir.1986).
AFFIRMED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTIONS.