737 So.2d 51 (1999)
STATE of Louisiana
v.
Rayford VEILLON, Defendant Appellant.
No. CR98-575.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
Writ Denied June 18, 1999.
*53 Bernard Boudreaux, Dist. Atty., R. Wayne Ussery, for State of Louisiana.
Terrell DeWight Fowler, Lake Charles, for Rayford Veillon.
BEFORE: YELVERTON, WOODARD, and PICKETT, Judges.
WOODARD, Judge.
Rayford Veillon, the defendant, was arrested in connection with a reverse sting operation on November 19, 1996. He was charged by a bill of information for possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1), which provides for imprisonment at hard labor for five years to thirty years, and a fine which may not exceed $50,000.00.
Pursuant to a suppression hearing, the trial court denied the defendant's motion to exclude the evidence obtained in connection with his arrest. The defendant and the state then entered into a plea agreement wherein the defendant agreed to plead guilty in exchange for the state's agreement not to make the defendant an habitual offender. The trial court sentenced the defendant to nine and one-half years of imprisonment at hard labor with credit for time served. The defendant appeals the trial court's decision not to exclude the evidence obtained associated with his arrest, as well as his sentence. We affirm and remand with instructions.

FACTS
On November 18, 1996, the St. Martin Sheriff's Department (SMSD) received a tip from Mr. Charles Eastwood, a confidential informant, regarding the involvement of the defendant in the trafficking of marijuana. Allegedly, the defendant prepaid Eastwood $2,400.00 for six pounds of marijuana, which he was to pick up from Eastwood's home the following evening.
On November 19, 1996, the SMSD placed Eastwood's trailer under auditory and visual surveillance. Two investigating officers were positioned in his home at the time of the transaction, while other officers were assigned to a house across the street. The SMSD supplied the marijuana. It was prepackaged in two, three-pound blocks and placed inside a black garbage bag.
The officers situated inside Eastwood's home videoed the transaction. They observed the defendant pick-up and smell the marijuana blocks and then place them back inside the black garbage bag. The officers across the street observed the defendant exit the trailer with the black garbage bag, place it into the passenger compartment of his pickup truck, and smoke a cigarette.
An arresting team moved into position while the defendant exited the house. When the defendant attempted to drive away, he was arrested. He was placed into a police car, mirandized, and his vehicle was impounded. The officers then removed the black garbage bag from the vehicle without a warrant.
The defendant was charged by a bill of information for possession of marijuana with intent to distribute, a violation of La.R.S. 40:996(A)(1). Because the defendant had also been charged on November 2, 1996 for the same type of offense, the state filed a supplemental bill of information, charging the defendant as an habitual offender pursuant to La.R.S. 40:982. On January 6, 1997, the defendant waived formal arraignment and entered a plea of not guilty.
On July 23, 1997, the trial court heard and denied his motion to suppress his confession and evidence. Subsequently, he and the state entered into a plea agreement wherein he pled guilty in exchange for the state's dismissal of the habitual offender charges. The defendant reserved the right to appeal the trial court's denial of his motion to suppress his confession and evidence.
Pursuant to the plea agreement, the defendant was sentenced on September 23, *54 1997, to nine and one-half years of imprisonment at hard labor. His motion to reconsider the sentence was denied on January 7, 1998. He appeals.

ASSIGNMENTS OF ERROR
The defendant alleges that the trial court erred in:
1. Entering an excessive sentence, given the defendant's lack of prior felony convictions.
2. Denying the defendant's motion to suppress, despite the fact that the evidence secured was through a warrantless search and did not comply with one of the exceptions to the search warrant requirement.
3. Allowing the state, during the hearing on the motion to suppress the evidence, to cross examine the defendant outside the limited area for which he was called to testify, despite a timely filed motion in limine, and over repeated and timely objections by the defendant. The cross examination of the defendant into areas outside the matter of the stop, arrest, and search of the defendant's vehicle, effectively precluded the defendant from ever testifying in the case in chief.

LAW

ERRORS PATENT
From our review of errors patent, pursuant to La.Code Crim.P. art. 920, we find that the trial court erred by not informing the defendant before he agreed to plead guilty that the offense subject to the plea could be used to enhance penalties ensuing from any subsequent offenses. Indeed, La.Code Crim.P. art 556.1(E) provides that "where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses."
In the case sub judice, the defendant pled guilty to possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). Pursuant to La.R.S. 40:966(D)(2) and (3), as well as La.R.S. 40:982, the defendant may receive an enhanced penalty should he be found convicted of a second and subsequent like offense.
Nevertheless, we do not find that this error was fatal to the defendant's imposition of a sentence. First, we note that the error consisted of a failure to apply a statutory requirement as opposed to a constitutional requirement. Second, no prejudice resulted from the trial court's error. The defendant did not claim that he was prejudiced, and he was aware of the existence of crime enhancement as he was originally billed as a second offender, but the charge was dismissed pursuant to his plea, and the record reflects that the trial court informed him that he could get a harsher sentence if convicted of a drug related crime in the future.
Additionally, the record reflects that the trial court failed to properly inform the defendant of the three-year time limit to apply for post-conviction relief. The record reflects that the trial court informed the defendant of his right to file for post-conviction relief. The trial court stated: "I advise that you have three years from today in order to apply for post-conviction relief." We find that the trial court erred when it informed the defendant in such a fashion because the three-year time limit to file for post conviction relief starts once the sentence becomes final, not from the date that it was rendered.
Accordingly, we remand the case to the trial court with the instruction that it inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and that it file written proof that the defendant received the notice in the record of the proceedings. State v. Eason, 624 So.2d 934 (La.App. 2 Cir. 1993).

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial court erred in denying his motion to suppress the evidence *55 obtained pursuant to the search of his car. He asserts that the trial court should have granted his motion because the marijuana was obtained pursuant to a warrantless search, and the state could not avail itself of any existing exceptions to the warrant requirement.
The Fourth Amendment of the United States Constitution and La. Const. art. I, § 5 protect individuals against unreasonable searches and seizure. In essence, both the state and federal constitutions require that a search and seizure be made pursuant to a valid warrant. Generally, a warrantless search is unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Tatum, 466 So.2d 29 (La. 1985).
The constitutional prohibition against unreasonable search and seizure also encompasses unreasonable intrusions into someone's automobile. State v. Loyd, 425 So.2d 710 (La.1982). Nevertheless, automobiles are not accorded the same degree of protection as are homes or offices. State v. Daigre, 364 So.2d 902 (La. 1978). A person's expectation of privacy while in an automobile is treated as being "diminished." State v. Dillon, 95-00884 (La.App. 3 Cir. 1/31/96); 670 So.2d 278, 282 (citing California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985).)
During the suppression hearing, the crux of the argument between the defense counsel and the state revolved around the issue of whether the search and seizure was justified under the "automobile exception" to the warrant requirement. Although the trial court did not give reasons for its ruling, it denied the defendant's motion to suppress the evidence.
After reviewing the entire record, we affirm the trial court's decision and find that the search was reasonable under the so called "automobile exception" to the warrant requirement. Tatum, 466 So.2d 29; U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Dillon, 670 So.2d 278. The automobile exception was "developed because of the time problems associated with obtaining a search warrant and the mobility of automobiles." State v. Senegal, 95-796 (La.App. 3 Cir. 12/6/95); 664 So.2d 832. It justifies a warrantless search and seizure that is based on probable cause and exigent circumstances, which make the obtaining of a search warrant impractical. Id.
The first prong of this exception relates to probable cause. Probable cause exists "when the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Wells, 593 So.2d 465, 467 (La.App. 2 Cir.), writ denied, 598 So.2d 357 (La.1992) (quoted in State v. Dillon, 95-00884 (La.App. 3 Cir. 1/31/96); 670 So.2d 278, 282.)
In the case sub judice, the investigating officers observed that the defendant placed the bag containing the marijuana in the cab of his pickup truck. The police had actual knowledge that the bag contained contraband, because it was supplied as part of the sting operation. The defendant remained under close surveillance from the time of his arrival at Eastwood's home until the time of his arrest. Undoubtedly, when the officers stopped the defendant as he attempted to drive away, there was a "fair probability" that they would find the contraband in the vehicle; thus, they possessed the probable cause required by the automobile exception to warrantless search and seizure.
The second prong of this exception relates to the existence of exigent circumstances. Whether exigent circumstances are present depends on the "impracticability of obtaining a warrant due to the possibility that the car could be moved, either by the occupant if not arrested, or by someone else." State v. Harmon, 594 So.2d 1054, 1059 (La.App. 3 Cir. 1992).
*56 The defendant argues that we may find no such "exigent circumstances" in the instant case because there was no conceivable way in which the defendant or anyone else could have run away with the contraband. The defendant asserts that the mere inconvenience of obtaining a warrant prior to the search does not rise to the level of exigent circumstances. We disagree.
The defendant attempted to drive away from the drug transaction scene when he was stopped and arrested. Lieutenant Menard of the SMSD testified that the bag containing the marijuana was in plain view inside the defendant's vehicle. In Harmon, we stated:
Defendant was leaving a parking lot when he was stopped and arrested. The evidence of the crimes committed, the money, was plainly visible on the floor of the defendant's vehicle. These circumstances combined to make it impractical to seek a search warrant before seizing the vehicle. This is true especially in light of jurisprudence which holds that for constitutional purposes, there is no difference between seizing and holding a car before presenting probable cause to a magistrate or carrying out an immediate search without a warrant provided there is probable cause to conduct the search.
Id. Similarly, the defendant's car was parked in the street when he was stopped and arrested. The evidence of the crime committed, the bags of marijuana, was plainly visible on the passenger seat of his vehicle. Thus, we conclude that the circumstances of the case rise to the level of exigent circumstances as defined and applied by our jurisprudence.
Thus, we find the automobile exception to the warrant requirement applicable to the case sub judice. We affirm the trial court's decision. We also note that the warrantless search and seizure may be upheld under the "plain view exception" or the "search pursuant to an arrest exception." However, we need not engage in a discussion regarding the merits of these exceptions because we affirm the trial court's denial of the defendant's motion to suppress the evidence and find the automobile exception applicable to the case sub judice.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assignment of error, the defendant asserts that the trial court erred in allowing the state to cross examine the defendant outside the limited scope of the suppression of the evidence, during the suppression hearing. The defendant contends that he was precluded from testifying in his case in chief.
The events giving rise to this assignment of error occurred as follows. Defense counsel filed a motion in limine to have the trial court limit the scope of the cross examination to that raised in the motion to suppress. The state cross examined the defendant regarding his commission of previous substance related offenses. The defense counsel objected on the ground that the defendant should not be questioned outside of the scope delineated by his motion in limine. The state argued that the questions were admissible as pertaining to issues of credibility of a witness. The trial court overruled the defense counsel's objection.
In State v. Lukefahr, 363 So.2d 661, 663 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979), the supreme court stated that "[a] defendant who testifies in a pre-trial suppression hearing is subject to cross examination as to all issues relevant to such hearing, although not to cross examination on the entire case." The supreme court also stated that "evidence taken at such [suppression] hearing is not admissible at the trial of innocence or guilt (the merit trial)." Id. The trial court's decision to let the defendant testify over the defense counsel's objection in the foregoing circumstances shall not be reversed by an appellate court absent finding a manifest abuse of discretion. Id.
*57 We affirm the trial court's decision as we find no merits in this assignment of error. The state's questions pertained to the defendant's credibility to testify, which is relevant to such a hearing. Thus, we do not find that the trial court abused its discretion while it allowed the cross examination of the defendant on such issues.
Furthermore, we find no merit in the defendant's argument that he was prejudiced by the state's cross examination in such a fashion that he was precluded from testifying in his case in chief. La. Code Crim.P. art. 703(E) states:
An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being subject to examination on other matters. The defendant's testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant's testimony at the trial on the merits.
(Emphasis added.)
Because the state could not have used the defendant's testimony except for the purpose of attacking his credibility, the defendant was not precluded from testifying in his case in chief, and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant claims that the trial court erred in imposing an excessive sentence. However, the state asserts that the defendant is precluded from appealing his sentence because it was received pursuant to a plea agreement.
At the outset, we note that La.Code Crim.P. art. 881.2(A)(2) states that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Whereas Article 881.2(A)(2) may apply absent provisions to the contrary, we find from the record that the defendant effectively reserved his right to appeal his sentence.
The defendant clearly indicated his intent not to waive the right to appeal his sentence by excluding provision eighteen of the Certificate Outlining Felony Drug Offense Plea and Condition of Probation or Recommendations. Provision eighteen provides as follows:
I cannot appeal or seek review of any sentence imposed as part of this plea agreement pursuant to article 881.2 of the Louisiana Code of Criminal Procedure.
Also, the defendant's counsel objected to the sentence after it was rendered by the trial court. Thus, we find that the defendant clearly reserved the right to appeal his sentence. Accordingly, we review the sentence for the purpose of determining whether it is excessive.
The defendant contends that the trial court erred because the sentence is grossly out of proportion to the severity of the crime. He claims that the offense was near the bottom on the seriousness scale of the Louisiana Sentencing Guidelines and that a presentence investigation recommended probation. While he asserts that the sentence is excessive, he listed, to-wit: His wife's disability, his daughter's pregnancy, the absence of aggravating factors, and the presence of mitigating factors.
In the instant case, the defendant pled guilty to possession of marijuana with intent to distribute. Pursuant to the plea agreement, the state dismissed charges making the defendant an habitual offender. The trial court sentenced the defendant to nine and one-half years at hard labor, with credit for time served.
The only issue presented by the defendant's assignment of error is whether the trial court's sentence is excessive, although imposed within the sentencing range. La. Const. art. I, § 20 prohibits, "cruel, excessive, or unusual *58 punishment." Although it may be imposed within the statutory limits, a sentence may still be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Roberts, 97-787 (La.App. 3 Cir. 12/10/97); 704 So.2d 368. A sentence may be excessive under the circumstances when it is so grossly disproportionate to the severity of the crime as to shock our sense of justice or when it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. Roberts, 704 So.2d 368. The imposition of a sentence may not be reversed by an appellate court absent finding a manifest abuse of discretion. Id.
While imposing the sentence, the trial court considered the defendant's criminal history, comprised of drug and alcohol related prior convictions. The court noted that the defendant had been convicted for possession of marijuana and had been arrested three times for DWI within an eight-year period. The trial court also observed the fact that the defendant tested positive for both cocaine and marijuana in a drug test administered pursuant to the defendant's request to be released on bond.
The trial court stated that based on the evidence, the defendant presented a danger to society and himself. The court felt that there was an undue risk that the defendant would continue his criminal behavior and that he was in need of custodial treatment that would be best served by confinement to an institution. While sentencing the defendant, the trial court considered the hardship that the sentence would have on his family.
In view of the law and facts present in the case sub judice, we cannot say that the sentence imposed by the trial court was so grossly disproportionate to the severity of the crime as to shock our sense of justice. We cannot say that the trial court abused its discretion and, thus, that the sentence is excessive.

CONCLUSION
For the foregoing reasons, we affirm the trial court's decision and sentence with instructions that the trial court notify the defendant of the three-year time limitation to file for post-conviction relief, as set forth in La.Code Crim.P. art. 930.8.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.