# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30951
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2018

Lyle W. Cayce
Clerk

ROBERT WEISLER, III,

Plaintiff - Appellant

v.

JEFFERSON PARISH SHERIFF'S OFFICE; NEWELL NORMAND,
Jefferson Parish Sheriff; DAVID MICHEL, Officer; TRAVIS ENCLARD,
Officer; JULIO ALVARADO, Officer; MIKE LEYVA, Officer; RUSSELL
VARMALL, Officer; BLAKE HOLLIFIELD, Officer,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-14582

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

 Robert Weisler, III, was pulled over and arrested while driving his white
Ford Crown Victoria with darkly tinted windows. Although he was initially
charged with impersonating a police officer and possession of a controlled

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30951

substance, he ultimately pleaded guilty only to a violation of Louisiana's window-tint statute and paid a fine. He sued under 42 U.S.C. § 1983, alleging an unlawful arrest in violation of the Fourth Amendment. The district court ultimately granted summary judgment on the basis of qualified immunity after it determined that the officers had probable cause to arrest based on a violation of the window-tint statute. We AFFIRM.

## I.

Robert Weisler, III, is a 55-year-old former police officer. In September 2015, two officers pulled him over for a traffic stop. Weisler was driving a white Ford Crown Victoria with windows tinted dark enough that the officers could not see inside. Once Weisler rolled down his window, the officers saw additional items that raised their suspicion that he was impersonating a police officer. The officers saw a computer stand, an emergency light on the front dashboard, an emergency siren in the front grill, and what appeared to be tactical equipment. They also noticed that Weisler was wearing a hat emblazoned with the word "S.W.A.T." The officers asked Weisler if he was "a 26"—that is, a law enforcement officer—and Weisler responded that he was and produced identification for two different law enforcement agencies. Weisler later admitted that he was retired.

After verifying that Weisler had resigned from his last law enforcement job, the officers placed him under arrest. Weisler then spent roughly a day-and-a-half in jail; he was released due to overcrowding. He was charged with impersonating a police officer, La. R.S. § 14:112, possession of a controlled dangerous substance, La. R.S. § 40:967, and illegal window tint, La. R.S. § 32:361.1. The impersonation and controlled-substance charges were dropped. Weisler pleaded guilty to the window-tint charge and paid the attendant fine.

No. 17-30951

Weisler then sued under 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, Eighth,[1] and Fourteenth Amendment rights. He named as defendants the officers involved in his arrest, the officers who helped to prepare the police report, the officers at the parish jail, the sheriff of Jefferson Parish, the president of Jefferson Parish, and Jefferson Parish itself. He named all defendants in their personal and official capacities. The district court dismissed Jefferson Parish and its president as parties and ultimately granted summary judgment in favor of all other defendants.

## II.

We review the district court's grant of summary judgment de novo. *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). In doing so, we view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor. *Id.* The ultimate question we ask is whether there exists any "genuine dispute as to any material fact" that warrants a trial. Fed. R. Civ. P. 56(a). If not, then "[t]he court shall grant summary judgment." *Id.*

The district court granted summary judgment on the basis of qualified immunity. Qualified immunity shields government officials from suits for damages unless a plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). For a right to be clearly established, the relevant legal authorities must put the officer on notice that his or her particular conduct was unlawful. *See Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004) (en banc). This does not require that "the very action in question has previously been held unlawful," merely

---

[1] Weisler's complaint alleges that the defendants violated his Eighteenth Amendment rights, but the district court found that he intended to allege Eighth Amendment violations.

that a reasonable officer would understand that his or her conduct was unlawful. *Id.* at 350 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). If reasonable officers could disagree on the lawfulness of the defendant's actions, then the officer is entitled to qualified immunity. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). When a defendant pleads qualified immunity, the plaintiff bears the burden of negating it. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

### III.

On appeal, Weisler raises three purely legal issues. We reject each of his claims of error.

### A.

According to Weisler, it is clearly established that the Fourth Amendment prohibits arrests for noncriminal regulatory offenses.[2] Because the Louisiana window-tint statute is, in Weisler's view, a regulatory offense, any reasonable officer would have understood that the Fourth Amendment prohibited arresting Weisler for violating it.

Weisler is wrong on both fronts. As an initial matter, he fails to cite any cases from this circuit holding that an arrest for a noncriminal regulatory offense violates the Fourth Amendment. Moreover, as this court recently made clear, the Fourth Amendment does not limit arrests to criminal law violations.[3] *See City of El Cenizo v. Texas*, No. 17-50762, 2018 WL 2121427, at *13 (5th Cir. May 8, 2018) (published opinion). "Courts have upheld many statutes that

---

[2] Weisler appeals the dismissal of only his Fourth Amendment false arrest claim. As a result, he has abandoned the remainder of his claims. *Cf. Crose v. Humana Ins. Co.*, 823 F.3d 344, 351 n.5 (5th Cir. 2016) ("We have consistently held that failure to brief an issue in the opening brief abandons that issue on appeal.").

[3] *City of El Cenizo* overruled the sole in-circuit district court case on which Weisler relies. *See* 2018 WL 2121427, at *13 n.22 ("disavow[ing]" *Mercado v. Dallas County*, 229 F. Supp. 3d 501 (N.D. Tex. 2017)).

allow seizures absent probable cause that a crime has been committed." *Id.* (collecting cases). Accordingly, it was by no means clearly established at the time of Weisler's arrest that the Fourth Amendment allows arrests only on probable cause of a *criminal* offense. *See id.* If anything, Supreme Court caselaw would have suggested to the officers that the Fourth Amendment did not stop them from arresting Weisler for a minor traffic offense, *see Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)—even if state law prohibited them from doing so, *see Virginia v. Moore*, 553 U.S. 164, 171-73, 176 (2008).

Even were that not so, the Supreme Court of Louisiana has described the window-tint statute as "regulating the tinting of car windows and providing *criminal* penalties and fines for infractions." *State v. White*, 1 So. 3d 439, 442 (La. 2009) (emphasis added) (citing La. R.S. 32:361.1); *see also State v. Wyatt*, 775 So. 2d 481, 483 (La. Ct. App. 2000) ("LSA–R.S. 32:361.1 provides restrictions on how darkly windows of a car may be tinted, and provides *criminal* penalties . . . ." (emphasis added)); *State v. Dillon*, 670 So. 2d 278, 282 (La. Ct. App. 1996) (describing a "violation of the tint law" as "a criminal offense"). Far from it being clear that a violation of the window-tint statute was a non-criminal, regulatory offense, if anything just the opposite was clear. Given that the state's courts have repeatedly characterized a violation of the window-tint statute as criminal, a reasonable officer could have believed that the Fourth Amendment did not prohibit him or her from arresting a person for violating it.

As such, it was not clearly established at the time of Weisler's arrest that the Louisiana window-tint statute was a non-criminal offense or that the Fourth Amendment prohibited arrests for such offenses. A reasonable officer who arrested a person under similar circumstances could have believed that he or she could legally do so.

No. 17-30951

## B.

Weisler's two remaining arguments may be quickly rejected. He argues that courts should consider officers' actual reasons for making arrests in the qualified immunity analysis and that the qualified immunity doctrine is contrary to § 1983. Essentially, he is arguing that *Whren v. United States*, 517 U.S. 806 (1996), and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), should be overruled. That we cannot do. The Supreme Court has reserved for itself "the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989); *cf. State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) (holding that court of appeals was correct to apply Supreme Court precedent despite its "infirmities, [and] its increasingly wobbly, moth-eaten foundations" (alteration in original)).

Moreover, neither argument is properly before this court on appeal. Weisler argued in the district court that the window-tint violation is not an arrestable offense and that he was therefore actually arrested for impersonation of a police officer. Yet, he never argued that the Supreme Court should overrule its objective reasonableness approach and take into account officers' subjective intent—indeed, he did not so much as cite *Whren* or a case following it. And nowhere in his district court briefing did he argue that the qualified immunity doctrine contravenes § 1983.

To preserve an argument for appeal, a party must "press" the argument, meaning that it must "*clearly* identify[] a theory as a proposed basis for deciding the case." *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (emphasis added) (quoting *Knatt v. Hosp. Serv. Dist. No. 1*, 327 F. App'x 472, 483 (5th Cir. 2009)). "[M]erely 'intimat[ing]' an argument is not" enough. *Id.* (alteration in original) (quoting *Knatt*, 327 F. App'x at 483). "Pressing" an argument also generally entails identifying "any relevant Fifth Circuit cases." *Id.* (quoting *Knatt*, 327 F. App'x at 483). Weisler—who was represented by

6

No. 17-30951

counsel in the district court and still is on appeal—did not "press" any of these arguments below and thus cannot raise them for the very first time on appeal.

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.