683 So.2d 1335 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Randolph Paul ROBERTS, Defendant-Appellant.
No. 96-603.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*1337 Bernard E. Boudreaux, Jr., Dist. Attorney, for State of La.
Gary Legros, Lake Charles, for Randolph Paul Roberts.
Before THIBODEAUX, COOKS and GREMILLION, JJ.
GREMILLION, Judge.
Defendant, Randolph Paul Roberts, was arrested on October 23, 1992, for distribution of crack cocaine to an undercover agent and was subsequently charged by bill of information with Distribution of Cocaine on November 16, 1992. Defendant was tried by a twelve member jury and was unanimously found guilty on September 20, 1995. At his sentencing proceeding on November 9, 1995, defendant was sentenced to sixteen years at hard labor. Defendant appeals his conviction and the sentence imposed. We affirm the conviction and remand for further proceedings.

FACTS
On June 10, 1992, the New Iberia Police Department was involved in an undercover narcotics operation. The target group for this particular operation was street level dealers within New Iberia. In the instant case, Detective Arthur Welch, an undercover narcotics agent with the St. Mary Parish Sheriff's Office, and a confidential informant were working together in a vehicle when they spotted defendant driving his truck. They flagged defendant down. He stopped his truck and walked over to the undercover vehicle where he distributed crack cocaine to Officer Welch. Officer Welch was wired with a wireless body wire and there was a resultant audio tape of the entire transaction. Also, two other police officers drove by the distribution scene and videotaped the defendant and his vehicle. The defendant was arrested at a later date.

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed by the court for errors patent on the face of the record. After review of the record for errors patent, we find there is only one error patent and that it is harmless.
*1338 This error patent deals with an error in the form of indictment. La.Code Crim.P. arts. 383 and 461 et seq. In State v. Cox, 474 So.2d 523, 526 (La.App. 3 Cir.1985), writ granted in part, denied in part, 481 So.2d 1328 (La.1986), this court stated the standard for technical sufficiency of an indictment:
The technical sufficiency of an indictment may not be raised after conviction where the accused has been fairly informed of the charge against him and has not been prejudiced by surprise or lack of notice and will not be truly subject to any jeopardy of further prosecution. (citations omitted).
In the case sub judice, there was a handwritten notation on the bill of information which appears to mark out the word "distribute" and to write in the word "possess" followed by three initials. However, this notation does not create a substantial error for a number of reasons. First, the change itself had no effect on the proceeding whatsoever. The indictment for distribution of cocaine and defendant's plea were read in open court. The minute entries and the trial transcript all have distribution of cocaine as the proper charge attributable to defendant's crime. Additionally, the statutory citation was not amended and defendant was ultimately convicted of distribution of cocaine.
Second, defendant never objected to the change on the bill. He consistently spoke of distribution as the charge levied against him during the entire trial. Also, no mention was made of the error during the sentencing proceeding. Finally, there is no date on the notation nor are there any references to the notation in the minute entries; therefore, we cannot say when the change occurred.
For the aforementioned reasons, we find that defendant waived his rights to protest this discrepancy in the bill. He was fairly informed of the distribution charge and he was not prejudiced by surprise or lack of notice. Furthermore, he will not be placed in any jeopardy of another prosecution. The error, thus, is harmless.

ASSIGNMENT OF ERROR NUMBER 1
By his first assignment of error, defendant argues that the verdict is contrary to the law and the evidence and that the trial court erred in finding that reasonable finders of fact could have concluded that he was guilty of the charge of distribution of cocaine. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982); State v. Moody, 393 So.2d 1212 (La. 1981). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. Defendant was convicted of distribution of crack cocaine. La.R.S. 40:967A states in part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense ... a controlled dangerous substance classified in Schedule II;....
In State v. Bernard, 441 So.2d 817, 820 (La. App. 3 Cir.1983), this court held that, "[i]n spite of the words that `it shall be unlawful for any person knowingly or intentionally...' to do the prohibited acts, the statute requires no more than general criminal intent. LSA-R.S. 14:11. A distribution offense is a crime requiring only general criminal intent. Such intent is established by mere proof of voluntary distribution." (Citations *1339 omitted) See also State v. Jones, 587 So.2d 787, (La.App. 3 Cir.), writ denied, 590 So.2d 78 (La.1991); State v. Williams, 352 So.2d 1295 (La.1977); State v. Clark, 338 So.2d 690 (La.1976). State v. Banks, 307 So.2d 594 (La.1975). Thus, the state must prove beyond a reasonable doubt that defendant voluntarily distributed cocaine.
Viewing the facts in the light most favorable to the prosecution, we find that the state proved defendant distributed cocaine beyond a reasonable doubt. The prosecution's main witness was Officer Welch. Welch was working with the New Iberia Police Department as an undercover agent. He was issued a wireless body wire, marked money, and a confidential informant. On June 10, 1992, Welch and the confidential informant flagged defendant down and proceeded to buy drugs from him. Welch and the informant waited in their vehicle for defendant to get out of his truck and walk over to them. Next, they asked defendant if he had any drugs, and defendant replied that he did. Welch gave defendant $20.00 for the drugs and then defendant walked back to his truck. As defendant was walking to his truck, Welch described defendant on his body wire to Detectives Thaddeus Robinson and Murray Sheppard who were standing by with videotape equipment. Welch described defendant as a 5'7" black male in a yellow tee shirt and blue jeans driving a black and gray truck. Detectives Robinson and Sheppard then drove by the location with the video camera to make a drive-by identification and videotape of defendant and his truck. The license plate numbers of the truck were obtained and run through the records of the Department of Public Safety. Those records revealed that the black and gray truck at the scene was registered to defendant.
Officer Welch identified defendant as the person who sold him the drugs and Detectives Robinson and Sheppard both identified defendant as the person they saw at the scene and videotaped on the night in question. Both the audio tape of the drug transaction made by Welch's body wire and the videotape made by Detectives Robinson and Sheppard were introduced into evidence and played for the jury. The record also reflects that not only was the truck registered in the Department of Public Safety to defendant but that it was black and silver in color.
Cynthia Roberts, defendant's wife, was his only witness. Mrs. Roberts testified that on the day of the crime, she dropped defendant off at the Iberia General Hospital to visit his brother at 7:00 p.m. and picked him up there later that evening at 10:00 p.m.. She claimed that if he had left the hospital, he would have called her. She also stated that defendant's truck was navy blue with gray stripes; that it was broken at the time of the arrest; and that it had been broken for about a year at that time. Mrs. Roberts went on further to say that defendant was wearing blue jeans and a white shirt on the day of the alleged crime.
Laura Landry, an employee of the Louisiana Department of Public Safety, testified for the state on rebuttal. After testifying concerning the Certificate of Registration for defendant's truck, she testified that the truck had insurance on it on March 16, 1992, and to her that meant the truck was operable on that date. She further stated that the records of the Department of Public Safety show that the truck was never reported as being abandoned, uninsured, or not working.
The question of credibility of the witnesses is within the sound discretion of the trier of fact. Their factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Johnson, 580 So.2d 998 (La.App. 3 Cir.1991). The jury may accept or reject, in whole or in part, the testimony of each witness. State v. Jeansonne, 580 So.2d 1010 (La.App. 3 Cir.), writ denied, 584 So.2d 1170 (La.1991). It is the duty of the jury to consider the evidence and to apply that evidence to the law as given by the court and give defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. The jury is the exclusive judge of the facts. La.Code Crim.P. art. 802.
We find that the jury had sufficient evidence before it to find defendant guilty of one count of distribution of cocaine and that this assignment of error lacks merit.

*1340 ASSIGNMENT OF ERROR NUMBER 2
Defendant lodges as his second assignment of error that the sentence imposed upon him for his crime was excessive and constituted cruel and unusual punishment. Defendant was sentenced on November 9, 1995. The requirements for sentencing are found in La. Code Crim.P. 894.1 which became effective on August 15, 1995. Paragraph A of Article 894.1, as amended, reinstated the three listed factors of Article 894.1(A) as amended in 1991 requiring the sentencing court to impose a sentence if any of those factors occurred. Paragraph B of Article 894.1, as amended, added thirty-three (33) factors that could be considered by the sentencing court in its determination of suspension of sentence or probation. These factors are similar to those listed as aggravating and mitigating circumstances in § 209 of the Louisiana Sentencing Guidelines which became effective on January 1, 1992. Paragraph C of Article 894.1, as amended, requires the sentencing court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a purposeless and needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided in the Louisiana Code of Criminal Procedure, article 894.1, criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). While paragraph C of Article 894.1 requires the trial court to state for the record the considerations taken into account and the factual basis used when imposing a sentence, the court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La. App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983); see also Smith, 433 So.2d 688 and State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La.App. 3 Cir.1992). As stated in Cottingin, 476 So.2d at 1186:
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. (citations omitted)
La.R.S. 40: 967(B)(1) provides, in pertinent part, whoever commits the crime of distribution of cocaine, a Schedule II drug, shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, *1341 be sentenced to pay a fine of not more than fifty thousand dollars. In the beginning of the sentencing proceeding, the prosecution provided testimony to bolster its position for an extended sentence. Detective Robinson stated that as a New Iberia Police Department narcotics agent, he has had many encounters with the defendant. Robinson was particularly alarmed by one incident in which the defendant purposely interfered with one of his investigations. Robinson testified that while he was trying to make an arrest defendant tried to incite a riot. Robinson said that this incident occurred about two weeks before defendant's court date for sentencing. Robinson further stated that defendant does not like police officers; has no respect for the law, police officers or their duties; and constantly harasses him and other police officers while they are conducting their police duties. Robinson also stated that defendant was known within the police intelligence network to have heavy involvement and association with crack cocaine distribution in New Iberia and the surrounding areas. Furthermore, Robinson also recounted arresting defendant for drug paraphernalia charges, but did not relate having arrested him for any of the other violations he testified to earlier.
Officer Chad Hazelwood testified that he also had dealings with defendant while Hazelwood was doing detective work. He related that he had observed defendant on several occasions in St. Edwards Projects associating with crack dealers. Finally, Hazelwood testified that on one occasion he stopped defendant and found drug paraphernalia in his vehicle.
The court also took note of defendant's misdemeanor convictions for the possession of drug paraphernalia charge and misdemeanor theft in either 1982 or 1984. In imposing the sentence, the trial court gave the following reasons:
Mr. Roberts, you were tried. You pled not guilty to the charge possession with intent to distribute cocaine. You were convicted by a jury of your peers. I'm looking at the jury verdict. It was an unanimous verdict that you were found guilty of that charge.
Mr. Roberts, you have a history of criminal activity. You've presented no evidence that you have even attempted to be a productive member of society, and there was no evidence that you had a job. There is no evidence that you have outstanding obligations that would ameliorate your sentence.
You're a convicted drug dealer, Mister. (Defendant raised his hand to speak). Shut up. You had a chance to say something. You're one of the reasons that society is as screwed up as it is, and the serious, serious crime problem we have, and very few straight civilians understand that the burglaries and the armed robberies and other things are precipitated by crack users and dealers. But that's the reality.
You stand condemned by your peers, Mr. Roberts. To come now before me and to say that you didn't do it means that you have no contrition.
Let me say for the record, I find an ongoing criminal pattern here. A pattern of conduct that appears to me to uh, that you've learned nothing by this experience. I sat during your trial. It's not my job to evaluate and do anything with regard to the findings of fact. The jury has made that finding of fact.
It is the sentence of this Court you serve sixteen years at hard labor, credit for time served. You have three years in which to seek postconviction relief.
Okay. Mr. Roberts, you are going to have time to think about your crime. Go with this man.
In sentencing defendant, the trial court did not adequately apply Article 894.1 to particularize the sentence to him. The trial court vaguely noted some of the statutory guidelines (defendant's criminal history and lack of hardship created by imprisonment), but there is no indication of whether the trial court considered the statutory guidelines in pronouncing its sentence. Defendant's sentence of sixteen years at hard labor for a first offense distribution of cocaine appears to be on the high side, particularly when defendant distributed only one rock for $20.00. The lengthy sentence still concerns *1342 us even though the trial court found defendant had "a history of criminal activity" from which he "learned nothing by this experience," has not been "a productive member of society and there was no evidence that [he] had a job," and no evidence that he had "outstanding obligations that would ameliorate [his] sentence." We have no adequate statutory basis which would aid this court in our determination of whether the sentence imposed is excessive. The failure of the trial court to properly consider the guidelines set forth in Article 894.1 constitutes error and requires that we remand this matter to the trial court for proper consideration of the statute.

CONCLUSION
For the reasons set forth above, we affirm the conviction of defendant and remand to the trial court for resentencing with proper consideration given the sentencing guidelines in La.Code Crim P. Art. 894.1(B).
AFFIRMED AND REMANDED WITH INSTRUCTIONS.