722 So.2d 23 (1998)
STATE of Louisiana
v.
Ahmad ABDULLAH, Defendant-Appellant.
No. CR 98-216.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1998.
*24 David Wayne Burton, New Orleans, for State.
Harold Dewey Register, Jr., Lafayette, for Ahmad Abdullah.
Before THIBODEAUX, COOKS and WOODARD, JJ.
COOKS, Judge.
Defendant, Ahmad Abdullah, contends his sentence for committing attempted simple burglary was excessive. For the following reasons, we affirm.

FACTS
Defendant, Ahmad Abdullah, attempted to steal a bicycle from a residence. On discovery by the bicycle's owner, defendant fled the residence on foot without the bicycle. Shortly after, he was apprehended in the vicinity following brief pursuit by the DeRidder city police.
Defendant was charged by bill of information with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. He entered a plea of not guilty. The state then filed an amended bill of information charging him with simple burglary, a violation of La. R.S. 14:62. As part of a plea agreement, defendant pled guilty to a lesser charge of attempted simple burglary, a violation of La. R.S. 14:27 and 14:62; and the state, additionally, agreed not to habitualize him. He was sentenced to serve the maximum sentence of six (6) years at hard labor, with credit for time he already spent incarcerated. He filed a "Motion to Reconsider Sentence," which was denied. Defendant then filed this appeal raising four assignments of error.

ASSIGNMENTS OF ERROR NOS. 1 & 4
Defendant's first and fourth assignments of error address his complaint that the sentence imposed by the trial court is excessive. However, defendant failed to set forth in his Motion to Reconsider Sentence any "specific grounds" for relief as required by La.Code Crim.P. art. 881.1;[1] failure to do so, now precludes us from reviewing any grounds defendant may assert under La. Code Crim.P. art. 894.1, although a "bare bones" claim of constitutional excessiveness is preserved without such formality.
The trial judge is afforded wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957; *25 State v. Howard, 414 So.2d 1210 (La.1982). In this case, the trial judge reviewed and considered the pre-sentence investigation report, which identified defendant as having two prior felony convictions and numerous misdemeanor convictions. Defendant also was placed on probation on four prior occasions. He completed two of the probationary periods satisfactorily, but had one terminated unsatisfactorily and one revoked. The trial judge stated "[b]ased in large part on your criminal record, the Court believes that, unless you are incarcerated, there is a very high risk you will continue to commit crimes of theft and burglary." The trial judge proceeded to consider the provisions of La.Code Crim.P. art. 894.1 and noted defendant received a substantial benefit from the state's decision to amend the bill to charge a lesser offense as part of a plea agreement.
Defendant has a significant criminal history and could have faced the possibility of being habitualized as a third felony offender which carried a potential sentence ranging from eight (8) to twenty-four (24) years on the simple burglary charge. See La.R.S. 14:62 and 15:529.1. Accordingly, we find the trial judge did not abuse his discretion in imposing sentence in this case.

ASSIGNMENTS OF ERROR NOS. 2 & 3
In his third assignment of error, defendant contends the trial court erred by denying his "Motion for Extension of Time to File Pauper Application" and, by denying his fourth assignment, which addressed his actual request for pauper status to avoid payment of estimated appeal costs. While these complaints do not allege any specific harm affecting defendant's conviction or sentence; his defense counsel notes, as a result of the trial court's denials, he was forced to advance two-hundred eighty-one dollars ($281.00) as cost of court to lodge this appeal on defendant's behalf and is now out-of-pocket that amount. Although the "Motion to Enroll as Counsel" recites defense attorney was retained by defendant, counselor states in brief he actually accepted this case as a pro bono project. He seeks by these assignments to obtain reimbursement for advancement of cost to perfect the present appeal.
Denying defendant's first pauper motion on January 7, 1997, the trial judge ruled:
"Request denied; Mr. Abdulla [sic] formerly had Court appointed Counsel in this case, who was released upon Mr. Register's enrolling as retained Counsel of record. Mr. Register should not have enrolled as retained counsel unless fee arrangement had been made. Mr. Abdulla [sic] will not be again accorded pauper status at trial level. This matter already has been continued to allow Counsel adequate time to prepare. It is now set for trial 2/18/97-Court will not re-appoint Indigent Defender Board staff to take [the] case and increase trial delays." (Emphasis ours)
Defendant filed a writ application with this Court seeking reversal of the trial court's denial of his pauper request. While defendant's first pauper motion recited that he was incarcerated, unemployed, without any income, and possessed no ownership interest in a home, other property or valuables of any kind, the motion was neither verified nor supported by defendant's affidavit attesting, under oath, to the truth of the assertion made therein. Though the motion further declared that "Exhibit A is attached-pauper forms," no such exhibit so designated or forms were found in the record. Thus, we refused to upset the trial court's ruling because the record, as it stood at that time, did not contain sufficient financial or other relevant information for this Court to independently judge the merit of defendant's assertion that his pauper status continued despite enrollment of new counsel. We noted, however, that defendant was "not barred from filing an ex parte motion, following the guidelines of State v. Touchet, 93-2839 (La.9/6/94); 642 So.2d 1213, seeking a declaration that he is indigent, but he must inform the trial court why he needs to be declared an indigent." On February 17, 1998, defendant filed a "MOTION TO PROTEST PAYMENT OF APPEALS COST; REQUEST TO PRESERVE RIGHT TO SEEK SUPERVISORY WRITS AND SUBMIT DEFENDANT'S PAUPER APPLICATION IN LIEU OF *26 APPEALS COST." Attached to this filing was an affidavit executed by defendant on February 13, 1998 stating, under oath, the following:
(1) Affiant attest that he is presently incarcerated in Allen Correctional Center;
(2) Affiant has been incarcerated since October 17, 1997 and has not held employment nor earned an income since that time;
(3) Affiant attest that he nor his family is able to pay any cost associated with his appeal in the case entitled "State of Louisiana vs. Ahmad Abdullah," case number: CR 166-96-Beauregard Parish District Court.
(4) Affiant attest that the above and foregoing therein are true and correct.
Counsel for defendant also attached to this submission, a check drawn on his corporate account for $281.00, representing the cost to lodge defendant's appeal with this Court. Defendant's motion was denied by the trial judge without written reasons.
Addressing whether the presence of retained counsel automatically bars a later request by an indigent defendant for state funded auxiliary services, the Louisiana Supreme Court in State v. Jones, 97-2593 (La.3/4/98); 707 So.2d 975, stated:
"[W]e find that the retention of private counsel from a collateral source at no cost to defendant does not rob the defendant of his right to a fair trial and thus defendant may be entitled to State funding for auxiliary services. The presence of retained counsel, be this from a collateral source or pro bono, should not work a hardship against an indigent accused who otherwise would be entitled to State funded auxiliary services. The determinative question is the defendant's indigency, not whether he has derived any assistance from collateral sources." (Emphasis added).
Rejecting defendant's first pauper motion, the trial judge refused to "again [accord defendant] pauper status" and chastised present counsel for enrolling without making "fee arrangement." His declared reason conflicts with the supreme court's instruction in Jones. Defendant has a constitutional right to seek appellate review of his conviction and sentence. Whether defendant's counsel was retained or failed to secure adequate funds from a collateral source to pay his fee or appeal costs is not determinative here. The threshold question is this defendant's indigency. Accordingly and pursuant to our vested authority found in La. Const. art. V, § 10, we remand this case to the trial court for an evidentiary hearing and ruling on defendant's pauper motion consistent with our holding and the supreme court's instructions in Touchet and Jones.

DECREE
For the foregoing reasons, defendant's sentence is affirmed. The case is remanded to the trial court for an evidentiary hearing and ruling on defendant's pauper motion and counsel's request for reimbursement of costs advanced to perfect defendant's appeal as directed herein.
SENTENCE AFFIRMED; CASE REMANDED FOR CONSIDERATION OF PAUPER AND REIMBURSEMENT MOTION.
NOTES
[1] La.Code Crim.P. art. 894.1 provides in relevant part: "Failure to ... include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."