801 So.2d 619 (2001)
STATE of Louisiana
v.
Dennis WEST, II.
No. 01-0969.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*620 J. Phillip Haney, District Attorney, New Iberia, LA, Counsel for Plaintiff/Appellee, State of Louisiana.
Richard Allen Spears, Attorney At Law, New Iberia, LA, Counsel for Defendant/Appellant, Dennis West, II.
Court composed of NED E. DOUCET, JR., Chief Judge, JIMMIE C. PETERS and MARC T. AMY, Judges.
AMY, Judge.
The defendant was charged by bill of information with attempted first degree murder in violation of La.R.S. 14:30 and La.R.S. 14:27. The jury found the defendant guilty of the lesser offense of aggravated battery in violation of La.R.S. 14:34. The defendant was sentenced to ten years at hard labor without the benefit of parole, suspended sentence, or probation. The defendant appeals his sentence. For the following reasons, we affirm.

Factual and Procedural Background
On August 26, 2000, at approximately 3:30 a.m., the defendant engaged in an unauthorized entry into Rodney Stevens' home. According to trial testimony, the defendant was sent by Terrence Bernard to the house to retrieve drugs or money that had allegedly fallen by mistake into Stevens' possession. In the defendant's voluntary statement, he stated that he was wearing a ski mask, armed with a gun, and accompanied by two other men who did not enter the Stevens' residence. The record is unclear as to whom, but someone kicked in the door to the Stevens' home in order for the defendant to enter.
*621 Upon entering the Stevens' home, the defendant encountered Stevens, Stevens' girlfriend, and three children. According to the defendant's statement, the situation became chaotic. The defendant stated that he demanded that Stevens turn over the drugs or the money. When the defendant did not receive an answer to his satisfaction, he stated that he hit Stevens with the gun. According to the record, Stevens was on his knees, with his back to the defendant, praying. At this point, the defendant testified that he became nervous and shot Stevens. Stevens testified at trial that he was shot in the back and the bullet exited through his mouth.
A little over a week after the crime, the defendant was taken to the police station for questioning. After being advised of his rights and signing a waiver, the defendant gave a voluntary statement explaining the events of August 26, 2000. The defendant was then charged, by a bill of information, with attempted first degree murder. Prior to the trial, the State filed a motion to invoke La.Code Crim.P. art. 893.3 which permits the enhancement of a sentence when a firearm is used in the commission of a crime. On January 8, 2001, the defendant was tried by a jury and found guilty of the lesser offense of aggravated battery. At sentencing, the trial judge found by clear and convincing evidence that a firearm was used in the commission of the crime which resulted in bodily injury. Accordingly, the trial judge sentenced the defendant to the mandatory sentence, under La.Code Crim.P. art. 893.3, which is ten years at hard labor. The record indicates that an oral motion to reconsider was entered, but was denied without reasons. The defendant did not file a written motion to reconsider.
The defendant now appeals, assigning two points of error. First, the defendant argues that the trial court erred in imposing an excessive sentence. Second, the defendant contends that the trial judge did not fully consider all mitigating factors as required by La.Code Crim.P. art. 894.1.

Discussion

Excessiveness of Sentence
The defendant first alleges that the sentence imposed is excessive. The record reflects that the defendant made an oral motion to reconsider at sentencing, but did not include a specific ground upon which to base this motion. La.Code Crim.P. art. 881.1(D) states that:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
(Emphasis added.) In State v. Mims, 619 So.2d 1059, 1060 (La.1993), the Louisiana Supreme Court held that when a defendant fails to provide any specific ground for excessiveness upon which the motion to reconsider is based "then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness." See also, State v. Abdullah, 98-216 (La.App. 3 Cir. 10/21/98); 722 So.2d 23.
Before considering a bare claim of excessiveness of the sentence, we must assess La.Code Crim.P. art. 893.3(D), (F), and (G) under which the defendant was sentenced; it provides, in pertinent part:
D. If the court finds by clear and convincing evidence that a firearm was actually used or discharged by the defendant during the commission of the felony for which he was convicted, and thereby caused bodily injury, the court shall impose *622 a term of imprisonment of fifteen years; however, if the maximum sentence for the underlying felony is less than fifteen years, the court shall impose the maximum sentence.
F. A sentence imposed under the provisions of this Article shall not be suspended and shall be imposed in the same manner as provided in the felony for which the defendant was convicted.
G. A defendant sentenced under the provisions of this Article shall not be eligible for parole during the period of the mandatory minimum sentence.
As we stated above, the trial judge found by clear and convincing evidence that a firearm was discharged in the commission of the felony and caused bodily injury. This finding is supported by the defendant's own voluntary statement to the police. However, the defendant argues, in support of his contention that his sentence is excessive, that the trial court failed to take into consideration La .Code Crim.P. art. 893.3(H), which states, "If the court finds that a sentence imposed under provisions of this Article would be excessive, the court shall state for the record the reasons for such finding and shall impose the most severe sentence which is not excessive."
In his brief, the defendant contends that there are grounds which existed to justify a lesser sentence, i.e., the defendant allegedly "acted under strong provocation" and the defendant's "conduct was the result of circumstances unlikely to occur." However, there is a presumption that a mandatory minimum sentence is constitutional. State v. Dorthey, 623 So.2d 1276 (La.1993). To overcome this burden, the defendant must show that, "[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances." State v. Johnson, 97-1906, p.8 (La.3/4/98); 709 So.2d 672 at 676, quoting, State v. Young, 94-1636, p. 5-6 (La.App. 4 Cir. 10/26/95); 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96); 669 So.2d 1223.
Prior to a review of the defendant's sentence using the principles of constitutional excessiveness, we note that the applicable standard is one of manifest abuse of discretion. State v. Roberts, 96-603 (La.App. 3 Cir. 11/6/96); 683 So.2d 1335. See also, State v. Howard, 414 So.2d 1210 (La.1982). For this court to find the sentence unconstitutionally excessive, the sentence must be "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to penal goals and therefore, is nothing more than a purposeless and needless imposition of pain and suffering." Roberts, 99-603, p.7; 683 So.2d at 1340. See also, State v. Everett, 530 So.2d 615, 624 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989).
According to La.R.S. 14:34, a person found guilty of aggravated battery "shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both." Also, the defendant was sentenced in accordance with La.Code Crim.P. art. 893.3 which, if found to be applicable, mandates a ten-year sentence. The trial judge set forth several facts to justify the sentence given, stating:
The Court has considered all of the sentencing guidelines under Article 894.1 of the Code of Criminal Procedure, finds there is an undue risk during the period of a suspended sentence or probation the defendant would commit another *623 crime and is in need of correctional treatment and a lesser sentence would deprecate the seriousness of the crime....
The aggravating factors are the defendant's conduct manifested deliberate cruelty to the victim. The victim was helpless on his knees, praying, begging, and was deliberately shot.... The offender knowingly created a risk of death or great bodily harm to more than one person. The defendant's girlfriend was in the room, his daughter was within feet of him, got splattered with blood. Girlfriend could have been killed and the victim's son certainly, was in the house and ran into the offender and could have been killed as well....
The offender used threats of or actual violence in the commission of the offense. Doesn't get much more violent than shooting somebody at point-blank range.
The offender committed the offense in order to facilitate the commission of another offense. He was in the process of trying to recover some dope when he committed this offense.
The offense resulted in significant permanent injury to the victim which it most certainly has, as well as severe emotional impact to the victim and his family.
Under 10, the offender did use a dangerous weapon in the commission of the offense. And it did involve controlled dangerous substance.
Number 18, the offender foreseeably endangered human life by discharging a firearm during the commission of the offense while in the process of using physical force against the victim.
As well as number 19 and 20, the offender using a firearm in the commission of a controlled dangerous substance offense.
The only mitigating factors are the defendant's youth, the fact that he's never had a previous felony conviction and that he was in the military, all of which has been considered.
The trial judge applied La.Code Crim.P. art. 893.3 and imposed a sentence that was consistent with this code article. Upon a review of the record, we find that it was not an abuse of discretion for the trial judge to apply the sentencing guidelines applicable to the use of a firearm. Defendant's own admission and testimony confirm that he used a firearm in the commission of the crime and inflicted bodily injury to his victim. Furthermore, we find that the trial judge was not manifestly erroneous in finding that the defendant failed to prove at trial that he was an exception to the sentencing guidelines. The defendant has failed to present any considerable evidence that shows that he was provoked or that he resisted his role in the crime. Therefore, we find no merit in the defendant's contention that the sentence is excessive.

Consideration of Mitigating Factors
Defendant asserts that the trial judge, in sentencing, failed to fully consider mitigating factors as required by La. Code Crim.P. art. 894.1. Again, we note that the defendant's motion to reconsider lacked specific grounds upon which to be based and La.Code Crim.P. art. 881.1(D) states that this will preclude the defendant "from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Also, as previously stated, when a defendant fails to provide any specific ground upon which to base the motion to reconsider, the defendant is relegated to having only a bare claim of excessiveness reviewed. Mims, 619 So.2d 1059. Because the defendant failed to provide specific grounds in his motion to reconsider and the claim of *624 excessiveness has been reviewed, we decline to further review the trial judge's sentencing for consideration of mitigating factors.

DECREE
For the foregoing reasons, we affirm the sentence of Dennis West, II.
AFFIRMED.