845 So.2d 581 (2003)
STATE of Louisiana
v.
Roberto DELGADO.
No. 03-46.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
William E. Tilley, District Attorney, 30th Judicial District Court, Leesville, LA, for Appellee, State of Louisiana.
Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, for Defendant/Appellant, Roberto Delgado.
Court composed of SYLVIA R. COOKS, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.
AMY, Judge.
After pleading guilty to the charge of indecent behavior with a juvenile, the defendant appeals his sentence, alleging that the sentence is unconstitutionally excessive. For the following reasons, we affirm.

Factual and Procedural Background
The defendant, Roberto Delgado, was charged by bill of information with indecent *582 behavior with a juvenile, a violation of La.R.S. 14:81. The defendant initially entered a plea of not guilty on May 21, 2001. However, on September 2, 2002, the defendant entered a guilty plea pursuant to a plea agreement, with the recommendation that his sentence run concurrently with any other sentence that he may receive in connection with the events at issue. According to a pre-sentence investigation report, the defendant and the thirteen-year-old victim were at a party at a residence in Leesville, Louisiana. The report further states that, after the victim had been drinking heavily, she was found in bed with the defendant lying on top of her; both the victim and defendant were described as being naked from the waist down. On November 2, 2002, the trial court sentenced the defendant to serve five years at hard labor, with all sentences imposed on the defendant in connection with the events at issue running concurrently, and to pay a fine of $1,200.00 plus costs of court. Notably, the defendant was given credit for time served. After a motion to reconsider his sentence was denied, the defendant brought the instant appeal, alleging the following assignment of error: "The sentence imposed is unconstitutionally excessive for this young offender."

Discussion

Errors Patent
Pursuant to La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of record and have found no such errors.

Excessive Sentence
In his brief, the defendant points out that he was twenty-one years old at the time of the offense. He contends that his youth should be viewed as a mitigating factor in considering an appropriate sentence. The defendant also notes that his criminal history, which was considered by the trial court when imposing sentence, is constituted of only non-violent offenses. In sum, the defendant asserts that the trial court failed to sufficiently particularize his sentence and that the five year sentence serves no useful purpose and constitutes a needless infliction of pain and suffering. We find that the defendant's assignment of error lacks merit.
Article 1, § 20 of the Louisiana Constitution prohibits "cruel, excessive, or unusual punishment." Since the trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, it is given broad discretion to impose a sentence within the statutory limits. State v. Walker, 96-112 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, writ denied, 96-1767 (La.12/6/96), 684 So.2d 924; State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). As such, when reviewing a sentence, "an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion." State v. Blackmon, 99-391, p. 7 (La.App. 3 Cir. 11/3/99), 748 So.2d 50, 53, writ denied, 99-3328 (La.4/28/00), 760 So.2d 1174. In the absence of a manifest abuse of discretion, an appellate court will not set aside a sentence as excessive. State v. Roberts, 96-603 (La.App. 3 Cir. 11/6/96), 683 So.2d 1335.
The defendant may establish that the trial court abused its discretion by showing that "the sentence makes no measurable contribution to acceptable penal goals and therefore, constitutes nothing more than a needless imposition of pain and suffering." State v. Jordan, 98-101, p. 7 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 39. A defendant may additionally challenge a sentence on the grounds that the trial court failed to adequately comply with La.Code Crim.P. art. 894.1 in particularizing *583 the defendant's sentence. Addressing the issue of compliance with La.Code Crim.P. art. 894.1, a panel of this court stated:
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether a suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La.App. 3 Cir. 1992). However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir. 1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983); See also, Smith, 433 So.2d 688 and State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.
State v. Anderson, 95-1688, pp. 4-5 (La. App. 3 Cir. 5/8/96), 677 So.2d 480, 483.
The defendant pled guilty to indecent behavior with a juvenile. La.R.S. 14:81(C) provides:
Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
When imposing the defendant's sentence, the trial court stated:
All right, sir. The court also considered the factors under Article 894.1 of the Code of Criminal Procedure and found that the following were applicable. First, there was some harm of an emotional type to the victim in this case and I understand that she had had [sic] some history of, of some sexual abuse before. There are no substantial grounds which would tend to excuse or justify this defendant's criminal conduct, nor did he act under strong provocation by the victim or anyone else at the party that night. He's 23 years of age. He is single and has one child. He has some employment record or history in that he has worked primarily as a laborer or as a waiter. He has a high school education. He has some history of alcohol use and he has a prior criminal record and he has already referred to that briefly in that he's been convicted on October 14th, 1997 in the 5th District Court in Cedar City Utah of the offense of forgery and theft of a vehicle. He was given 36 months probation for that and then his probation in April of this year was revoked and he is doing the time there apparently as well. He is, therefore, a second felony offender.
We conclude that the trial court gave adequate consideration to the factors set out in La.Code Crim.P. art. 894.1 when imposing the defendant's sentence. Further, *584 we note that the defendant's sentence falls well within the statutory limits. We are also mindful that the defendant benefitted from his guilty plea. First, although the defendant was a second felony offender, he was not sentenced as a habitual offender; and, as a result, he was not exposed to the greater possible sentence of fourteen years. Second, the trial court ordered that all sentences imposed on the defendant for the events at issue would run concurrently rather than consecutively. Due to the benefit received by the defendant, as well as the considerations given by the trial court when imposing sentence on the defendant, we conclude that the trial court did not manifestly abuse its discretion when it sentenced the defendant to serve five years at hard labor, to be served concurrently with any other sentence imposed, and to pay a fine of $1,200.00 plus costs of court.

DECREE
The sentence of the defendant, Roberto B. Delgado, is affirmed.
AFFIRMED.