# NOT FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 14-637

STATE OF LOUISIANA

VERSUS

MARCUS GUILLORY

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 169927
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

************

## SYLVIA R. COOKS
## JUDGE

************

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Shannon J. Gremillion, Judges.

**CONVICTION AFFIRMED; REMANDED.**

Michael F. Kelly, Assistant District Attorney
P.O. Box 528
209 North Main Street
Marksville, LA 71351
(318) 253-5815
COUNSEL FOR APPELLEE:
        State of Louisiana

Josephine P. Heller
8075 Jefferson Highway
Baton Rouge, LA 70809
(225) 383-9703
COUNSEL FOR DEFENDANT/APPELLANT:
        Marcus Guillory

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

It was alleged by the State that in 2005 and 2006, Defendant, Marcus Guillory, sexually abused his girlfriend's seven or eight year old daughter, K.L, by touching her body under her clothing and inserting his finger into her vagina. K.L. alleged Defendant molested her on several occasions, and although she told her mother about the molestation, nothing was done. The child was eventually removed from her mother's care due to neglect. K.L. explained her delay in reporting the acts, noting her mother did not believe her so she was reticent to tell anyone else.

Defendant was indicted on October 18, 2012, for molestation of a juvenile, a violation of La.R.S. 14:81.2. On August 22, 2013, the State filed "Notice of Intention of Introducing Evidence of Other Crimes, Wrongs or Acts." A hearing was held on August 22, 2013, following which the trial court determined the evidence of other crimes, wrongs, or acts was admissible at trial. A jury trial occurred. K.L. testified as to the alleged molestation, and her testimony was deemed credible by a doctor who examined K.L. A unanimous jury found Defendant to be guilty as charged. Defendant filed a "Motion for New Trial," which was denied following a hearing.

Defendant was sentenced on March 18, 2014 as a habitual offender.[1] On this date, he was sentenced to one hundred ten years with the first twenty-five years to be served without the benefit of parole, probation, or suspension of sentence.

Defendant has perfected a timely appeal, wherein he alleges four assignments of error: 1) The district court erred in allowing the admission of

---

[1] On November 7, 2013, the State filed a bill of information charging Defendant as a third felony offender pursuant to La.R.S. 15:529.1, under lower court docket number 176,814. Defendant's adjudication as a third felony offender and sentence is currently before this court under docket number 14-638.

evidence of prior bad acts; 2) The evidence was insufficient to support the conviction of molestation of a juvenile; 3) The district erred in failing to articulate any factors in formulating its sentence; and 4) The district court erred in denying Defendant's Motion to Proceed in Forma Pauperis on Appeal.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant contends the trial court erred when it allowed inadmissible evidence of prior sexually assaultive behavior to be presented to the jury. The State sought to admit the testimony of three witnesses, two of whom alleged that Defendant sexually assaulted them, and one who alleged she witnessed sexually assaultive behavior by Defendant. Following testimony and argument, the trial court ruled that the testimony was admissible.

Louisiana Code of Evidence Article 412.2 provides:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balance test provided in Article 403.

Louisiana Code of Evidence Article 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.

Defendant argues, however, that "[t]he issue here is not whether the prior acts were sufficiently similar. Rather, the issue is whether the evidence established that the prior acts occurred at all."

At the hearing, two witnesses testified regarding Defendant's abusive behavior. Monica Buhler was the first witness to testify. She was a former girlfriend of Defendant. She testified she met Defendant in 2000, and he moved in with her and her four-year-old daughter. They were together until 2004, when she

discovered him one night masturbating over her daughter's eight-year-old friend who was sleeping. She said that the two girls had earlier gone to bed together. At about 2:30 a.m., she awoke to find Defendant absent from their bed. When she walked out into the living room, which was lit because the television was on, she saw Defendant kneeling upright on the couch, masturbating over the sleeping girl. She stated that in the morning she called the girl's father and together they went to the police. Although the police investigated the incident, Defendant was not charged.

Ms. Buhler further testified that at the time of the incident she questioned her daughter, K.M., extensively, as to whether Defendant ever exhibited sexual behavior towards her, but K.M. denied any such activity. However, she explained that after she told her husband and daughter, she was contacted by the State and asked to testify at trial, K.M., who was seventeen at the time, began crying and told her that Defendant had sexually abused her.

K.M. testified Defendant moved into the house when she was four. She said he would force her to do oral sex with him and put objects, including his fingers, in her vagina. She stated he would often come into her bedroom at night and "do things" to her and that he would take her out to the shed behind the house and force her to masturbate him. She said that he threatened to kill her and her mother if she ever told. At the time of the incident with her friend, even after her mother forced him out of the house that night, she was still afraid, so when asked at the police station whether he ever abused her, she said he had not.

At the hearing, Defendant argued the testimony was not admissible because there was never an arrest or conviction concerning these allegations. However, the trial court, referring to La.Code Evid. art. 412.2, stated that an arrest or conviction was not necessary to utilize the provision since the statute states "evidence of the accused's commission of another crime, wrong, or act involving sexually

assaultive behavior *or acts which indicate a lustful disposition toward children may be admissible*[.]" (emphasis added.)

As noted above, Defendant argues the State did not "establish by a preponderance of the evidence that these prior acts occurred. Thus any evidence of these prior acts was inadmissible." We disagree.

In *State v. Johnson*, 43,843, pp. 15-16 (La.App. 2 Cir. 1/28/09), 2 So.3d 606, 615-16, *writ denied*, 09-464 (La. 11/6/09), 21 So.3d 300, the second circuit addressed the issue of whether an unadjudicated act was admissible pursuant to La.Code Evid. art. 412.2 and what standard of proof applied, as follows:

> In the present case, the prior conviction showed that the defendant had engaged in sexual relations with a minor, R.A., in the past. The unadjudicated acts showed that the defendant had previously engaged in other sexual activity with R.A. when she was a young girl living in the defendant's household. In fact, R.A.'s age at the time of the unadjudicated acts was similar to that of the victim in the present offense. The trial court properly found that the prior conviction and the unadjudicated acts were admissible because they demonstrated that the defendant had a lustful disposition toward children. See and compare *State v. Caston, supra*; *State v. Humphries*, 40,810 (La.App. 2d Cir.4/12/06), 927 So.2d 650, *writ denied*, 2006-1472 (La.12/15/06), 944 So.2d 1284.

> The record shows that the trial court applied the balancing test required under La. C.E. art. 403 whereby the probative nature of such evidence is weighed against the prejudicial effect. In allowing the prior conviction to be used at trial, the lower court stated that it had previously considered the balancing test of La. C.E. art. 403 and found that the prior conviction was admissible, with certain limitations. Prior to R.A.'s testimony, the trial court gave the jury a limiting instruction that the evidence that the defendant was involved in the commission of an offense other than the offense for which he was on trial was to be considered only for the limited purpose of showing that the defendant had a lustful disposition "to commit the crime charged."

> In connection with R.A.'s testimony regarding the unadjudicated offenses, the trial court specifically found that it was relevant to show the defendant's lustful disposition toward children, particularly given R.A.'s young age when the acts occurred. The trial court recognized that there would be some prejudicial effect from the admission of this testimony, but found that the testimony was admissible with a limiting instruction. . . .

The defendant also objects that the prior unadjudicated offenses testified to by R.A. were not proven by clear and convincing evidence as required by *State v. Davis*, 449 So.2d 466 (La.1984), and *State v. Mills*, 2000-2525 (La.App. 4th Cir.12/27/01), 806 So.2d 59, *writ denied,* 2002-0278 (La.10/25/02), 827 So.2d 1171. To the contrary, R.A.'s testimony provided a sufficient degree of specificity to establish that the offenses were in fact committed.

We do note that in the instant case, no limiting instruction was given by the trial court to the jury regarding the purpose of the "bad acts" witnesses' testimonies. Louisiana Code of Evidence Article 105 provides:

When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. Failure to restrict the evidence and instruct the jury shall not constitute error absent a request to do so.

However, a review of the record shows that Defendant did not request a limiting instruction be given to the jury.

Furthermore, while the trial court did not explicitly discuss it, the trial court noted several times during its ruling that when it makes a decision to admit or reject other acts evidence, it gives considerable consideration to whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. La.Code Evid. art. 403. The trial court noted that the evidence was indeed prejudicial, but considering the legislative attitude as reflected in the enactment of La.Code Evid. art. 412.2, to help prevent the sexual abuse of young children, the probative value outweighed the prejudicial effect of the evidence.

Therefore, we find no error on the part of the trial court in its determination that the testimonies of the two witnesses were relevant and admissible at trial.

## ASSIGNMENT OF ERROR NUMBER TWO

Next, Defendant argue the evidence was insufficient to convict him of the crime of molestation of a juvenile. The extent of Defendant's argument in brief is that the State failed to present any physical evidence establishing molestation and

that the jury based its decision to convict him solely on the "erroneous admission of prior bad acts[.]"

The analysis for a claim of insufficient evidence is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King,* 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson,* 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Molestation of a juvenile is defined in La.R.S. 14:81.2(A), which states:

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Defendant argues the jury convicted him based solely on the "erroneous admission of prior bad act." However, Defendant fails to note the fact the victim in this case testified.

K.L. testified when she was seven years old, Defendant and her mother began living together. She described how when her mother was asleep or absent from the home, he would go into her bedroom, rub her all over her body, and put his fingers into her vagina. She said it happened three or four times over a year. She stated one time he tried to get her to touch his penis, but was interrupted by her

mother arriving home. K.L. said that when she told her mother of Defendant's behavior, her mother said she would handle it, but nothing changed.

K.L. testified that when she was nine years old, she and her siblings were removed from the home because of neglect. After being placed with her paternal grandparents, K.L. eventually told of Defendant's sexual molestation against her. K.L. explained that she waited to tell because she was embarrassed and did not think anyone would believe since her mother appeared not to believe her.

"The testimony of a single witness is sufficient to support a verdict absent internal contradiction or irreconcilable conflict with the physical evidence, and any credibility determination made by the trier of fact is normally not within the purview of the reviewing court." *State v. C.S.,* 10-507, p. 3 (La.App. 3 Cir. 11/17/10), 50 So.3d 983, 985 (citing *State v. Schexnaider*, 03-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450). Furthermore, the testimony of the victim alone is sufficient to prove the elements of the offense even in the absence of medical, scientific, or physical evidence. *State v. Turner,* 05-75 (La.App. 5 Cir. 5/31/05), 904 So.2d 816, *writ denied*, 05-2591 (La. 5/26/06), 930 So.2d 20.

In the current case, Defendant does not point to any internal contradiction or irreconcilable conflict concerning the victim's testimony that would support his argument. There is nothing in the record that would establish the jury's verdict was based on insufficient evidence.

While Defendant argues that the testimony regarding prior "bad acts" was so prejudicial the jury convicted him of the charged offense without sufficient evidence, as stated above, the other "bad acts" were properly admitted for the jury's consideration.

**ASSIGNMENT OF ERROR NUMBER FOUR**

At sentencing, on March 18, 2013, Defendant requested and was granted appointed counsel. On May 9, 2013, current defense counsel filed a "Motion to

Enroll as Counsel of Record" and then filed a "Motion to Designate Record." On May 21, 2013, approximately two months after he was sentenced, Defendant filed a "Motion and Order to Proceed in Forma Pauperis On Appeal," which was denied because he had retained counsel. New counsel, who had been appointed by the trial court and assigned by the Louisiana Appellate Project, filed a "Motion to Withdraw as Counsel of Record" on May 27, 2013. The motion was granted on the same date. In this assignment, Defendant argues the trial court erred when it denied his motion to proceed in *forma pauperis* and to receive appointed counsel.

Defendant cites *State v. Abdullah,* 98-216, p. 5 (La.App. 3 Cir. 10/12/98), 722 So.2d 23, 26, as follows:

> Addressing whether the presence of retained counsel automatically bars a later request by an indigent defendant for state funded auxiliary services, the Louisiana Supreme Court in *State v. Jones*, 97-2593 (La.3/4/98); 707 So.2d 975, stated:
>
> > "[W]e find that the retention of private counsel from a collateral source at no cost to defendant does not rob the defendant of his right to a fair trial and thus defendant may be entitled to State funding for auxiliary services. The presence of retained counsel, be this from a collateral source or pro bono, should not work a hardship against an indigent accused who otherwise would be entitled to State funded auxiliary services. The determinative question is the defendant's indigency, not whether he has derived any assistance from collateral sources." (Emphasis added).

In *Abdullah*, this court went on to state:

> Defendant has a constitutional right to seek appellate review of his conviction and sentence. Whether defendant's counsel was retained or failed to secure adequate funds from a collateral source to pay his fee or appeal costs is not determinative here. The threshold question is this defendant's indigency.

*Id.*

In brief, the State "concedes that *State v. Abdullah,* 98-216 (La. App. 3 Cir. 10/12/98), 722 So.2d 23, is controlling. Since this case will be remanded for re-sentencing as found in docket number 14-638, which involved an appeal

concerning Defendant's adjudication as a third felony offender and sentence, the State does not object to a hearing to determine Appellant's right to proceed on appeal in forma pauperis." As we are affirming Defendant's conviction, but vacating his sentence as discussed in *Guillory*, 14-638, we will remand the issue of whether Defendant is entitled to be appointed appellate counsel for the purpose of appealing the newly imposed sentence should he so choose.

Due to the fact we are vacating Defendant's sentence in *Guillory*, 14-638, we need not address Defendant's assignment of error contending the trial court failed to articulate for the record any of the factors as required by La.Code Crim.P. art. 894.1.

## DECREE

For the foregoing reasons, Defendant's conviction of molestation of a juvenile is affirmed. On remand, the trial court is to address the issue of whether Defendant is entitled to be appointed appellate counsel for the purpose of appealing any the newly imposed sentence should he so choose.

**CONVICTION AFFIRMED; REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.